IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30608

GERARD GISCLAIR

Plaintiff - Appellant - Cross-Appellee

v.

LARRY GRIFFIN TOWING COMPANY, INC.; DREW GRIFFIN INC.

Defendants - Appellees - Cross-Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-833

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Both parties have appealed from a modest verdict awarding
Appellant Gerard Gisclair ("Gisclair") approximately $27,000 in maintenance
and cure damages for injuries he suffered while working aboard a vessel owned
by Larry Griffin Towing Company ("Towing Company").  Gisclair asserts that
the district court abused its discretion by denying the seaman's motion for a new
trial based on implied juror bias on the part of juror/attorney Ellinghausen.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Assuming arguendo that this claim was properly preserved at trial, we find no error in the trial court's post-judgment explanation of its reasons for rejecting this claim.

The Towing Company, for its part, asserts that the district court abused its discretion by qualifying as an expert a surgeon who was not board-certified to perform orthopedic surgery. The Towing Company also asserts the evidence is insufficient to support the damage award. We find no error in either of these points. The surgeon, whether or not board-certified, could qualify under the rules of evidence to give expert testimony by virtue of his extensive and pertinent surgical experience. Further, as the district court aptly noted, judges are not in a position to psychoanalyze the jury verdict as the Towing Company would have us do. Because there is support in the record for the verdict, it must be upheld.

AFFIRMED.